b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CHARLOTTE MORRIS, ET AL., Plaintiffs | CIVIL DOCKET NO. 1:22-CV-006046 |
| VERSUS | CHIEF DISTRICT JUDGE DOUGHTY |
| STATE FARM FIRE & CASUALTY CO., Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Motion for Substitution of Deceased Plaintiff and for Continuation filed by the executor of the Estate of Plaintiff Charlotte Morris ("Morris") (ECF No. 18), and a Motion to Dismiss pursuant to Fed. R. Civ. P. Rule 25(a) filed by Defendant State Farm Fire & Casualty Co. ("State Farm") (ECF No. 22).

Because Judy Skluzacek ("Skluzacek") is Morris's legal successor, Skluzacek's Motion to Substitute (ECF No. 18) should be GRANTED.

Because Morris's contract with State Farm was not strictly personal, it was not extinguished by Morris's death and State Farm's Motion to Dismiss (ECF No. 22) should be DENIED.

I. **Background**

Morris filed this action on August 18, 2022, in the Louisiana 9th Judicial District Court, against her homeowner's insurer, State Farm, alleging storm damage to her home caused by Hurricane Laura and Hurricane Delta. ECF No. 1-2. Morris

asserts claims for breach and seeks monetary damages, including attorney's fees, costs, and penalties.

State Farm removed, asserting diversity, on November 22, 2022. ECF No. 1. State Farm answered the Complaint. ECF No. 5. The Case Management Order outlining the Streamlined Settlement Process ("SSP") was filed on November 22, 2022. ECF No. 3.

On December 12, 2023, the Special Master over SSP filed a Certificate stating the parties had complied with the SSP. ECF No. 10.

On February 20, 2024, State Farm filed a Notice Regarding the Death of Plaintiff, stating she had died on May 17, 2023. ECF No. 16.

On February 22, 2024, Skluzacek filed a Motion for Substitution of the Plaintiff (ECF No. 18), showing that she had been named Morris's executor and was placed in possession of Morris's estate as the sole heir and legatee.[1]

State Farm filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 25(a), asserting the claim was extinguished by Morris's death. ECF No. 22.

I. Law and Analysis

Skluzacek filed a Motion to substitute herself for Morris, in Skluzacek's personal capacity.[2] ECF No. 18. State Farm opposes that Motion with a Motion to

---

[1] Morris's death certificate and the Judgment of Possession are attached to the Motion. ECF No. 18-5; No. 18-8. Morris died on May 17, 2023.

[2] State Farm complains that Skluzacek's attorney stated he was filing the Motion to Substitute on behalf of Morris, who is deceased, and that the error is fatal to the motion.

2

Dismiss, asserting that, because Skluzacek is no longer the executor of Morris's estate, she cannot be substituted as the Plaintiff in this action. State Farm also asserts that Skluzacek cannot inherit Morris's cause of action because Skluzacek was not a named insured or third-party beneficiary under the insurance policy.

"Fed. R. Civ. P. 25(a)(1) involves the procedural capacity to sue; therefore, a person seeking to be substituted under the Rule must strictly comply with the requirement relating to becoming 'a proper party.'" *Marcano v. Offshore Venezuela*, 497 F. Supp. 204, 208 (E.D. La. 1980). Fed. R. Civ. P. Rule 25 provides in pertinent part:

> (a) Death.
> (1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party *or by the decedent's successor* or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

"When a party dies during the pendency of an action which is not extinguished by his death, his legal successor may have himself substituted for the deceased party, on *ex parte* written motion supported by proof of his quality. As used in La. C. Civ. P. articles 801 through 804, 'legal successor' means:

> (1) The survivors designated in Article 2315 of the Civil Code, if the action survives in their favor; and

---

However, the motion is titled "Motion for Substitution of Deceased Plaintiff and for Continuation." ECF No. 18. The fact that the docket states the motion was filed on behalf of Morris is due to a flaw in the ECF program, which automatically inserts a current party's name, and is not fatal to Skluzacek's motion.

> (2) Otherwise, it means the succession representative of the deceased appointed by a court of this state, if the succession is under administration therein; or the heirs and legatees of the deceased, if the deceased's succession is not under administration therein."

*Nathan v. Touro Infirmary,* 512 So.2d 352, 354 (La. 1987); *Henderson on behalf of Rolland v. Ruffino*, 17-158 (La. App. 5th Cir. 10/25/17), 231 So.3d 912, 923.[3]

Because Skluzacek is Morris's heir, she is Morris's legal successor and may be substituted as the Plaintiff in this action. It does not matter that the succession is closed.

State Farm also contends that the contract of property insurance between itself and Morris was strictly personal, so Skluzacek could not inherit it.

"An action does not abate on the death of a party. The only exception to this rule is an action to enforce a right or obligation which is strictly personal." La. Civ. C. art. 428. "A personal action is one brought to enforce an obligation against the obligor, personally and independently of the property which he may own, claim, or possess. A real action is one brought to enforce rights in, to, or upon immovable property. A mixed action is one brought to enforce both rights in, to, or upon immovable property, and a related obligation against the owner, claimant, or possessor thereof." La. C. Civ. P. art. 422.

---

[3] "A succession representative appointed by the court is the proper plaintiff to sue to enforce a right of the deceased or his succession, while the latter is under administration." *Key v. Cherokee Credit Life Ins. Co.,* 254 So.2d 696, 698 (La. App. 3d Cir. 1971); *Woodard v. Upp*, 13-0999 (La. App. 1st Cir. 2/18/14), 142 So.3d 14, 18.

"An action to enforce an obligation is the property of the obligee which on his death is transmitted with his estate to his heirs, universal legatees, or legatees under a universal title, except as otherwise provided by law. An action to enforce an obligation is transmitted to the obligee's legatee under a particular title only when it relates to the property disposed of under the particular title. These rules apply also to a right to enforce an obligation, when no action thereon was commenced prior to the obligee's death." *Nathan v. Touro Infirmary*, 512 So.2d 352, 354 (La. 1987); *see also Jones v. McDonald's Corp.*, 618 So.2d 992, 996–97 (La. App. 1st Cir. 1993).

"Unless the *obligation* to repair fault-caused damages is strictly personal, an instituted action to enforce that obligation does not abate on the plaintiff's death." *Henderson on behalf of Rolland v. Ruffino*, 17-158 (La. App. 5th Cir. 10/25/17), 231 So.3d 912, 923. "[T]he *obligation* is purely one to pay money in an amount equated to the damage caused; and in this character it is not different from an obligation to pay money for contractual breach damages, or any other obligation to pay money." *Henderson on behalf of Rolland,* 231 So.3d at 923.

Because State Farm's contractual obligation under the property insurance is attached to the immovable property inherited by Skluzacek from Morris and is purely one to pay money, it is not strictly personal.[4] Because the contract is not strictly

---

[4] State Farm cites inapposite cases for the proposition that only a named insured or third-party beneficiary may bring suit under a homeowner's insurance policy. Only one case cited in State Farm's brief involved the substitution of a *legal successor for a deceased plaintiff* in an instituted action, and that case was dismissed for the widow's failure to prove she was the legal representative of the deceased plaintiff under Venezuelan law. *See Marcano v.*

personal, neither the contract, nor the action on the contract, was extinguished by Morris's death.

"Louisiana Code of Civil Procedure article 801 provides for the substitution of a deceased party when a party dies during the pendency of an action that is not extinguished by his death." *Henderson on behalf of Rolland,* 231 So.3d at 923. "If such is the case, the party's 'legal successor' may have himself substituted for the deceased party, on *ex parte* written motion supported by 'proof of his quality.' Legal successor is defined, in pertinent part, as 'the heirs and legatees of the deceased, if the deceased's succession is not under administration.'" *Henderson on behalf of Rolland,* 231 So.3d at 923.

Moreover, "there is a significant difference between inheriting an instituted action and inheriting the right to institute an action." *Nathan*, 512 So.2d at 355 (La.1987) (citing *Guidry v. Theriot,* 377 So.2d 319, 323 (La.1979)). "The [insured] has already asserted his right to recover so there is no need to provide who will inherit his right to the action. The [insured] himself has made this decision by instituting suit, creating a property right which is heritable even if there are no C.C. art. 2315 beneficiaries in existence." *Nathan*, 512 So.2d at 355. Therefore, "[w]hen a party dies during the pendency of an action which is not extinguished by his death, his legal

---

*Offshore Venezuela*, 497 F. Supp. 204, 208 (E.D. La. 1980). Therefore, State Farm's case citations are not persuasive.

successor may have himself substituted for the deceased party, on *ex parte* written motion supported by proof of his quality." La. C. Civ. P. art. 801.

Morris instituted this action on a contract attached to her immovable property before her death. As Morris's legal successor, Skluzacek may be substituted for Morris as the Plaintiff in this action. As Morris's heir, Skluzacek inherited this action from Morris and can prosecute it to judgment.

## II. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Skluzacek's Motion to Substitute herself for Morris (ECF No. 18) be GRANTED.

Further, IT IS RECOMMENDED that State Farm's Motion to Dismiss (ECF No. 22) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14)

days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __31st__ day of May, 2024.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge