UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

**CHARLOTTE MORRIS**  **CASE NO. 1:22-CV-06046**

**VERSUS**  **JUDGE TERRY A. DOUGHTY**

**STATE FARM FIRE & CASUALTY CO**  **MAGISTRATE JUDGE PEREZ-MONTES**

<u>**MEMORANDUM RULING**</u>

Pending before the Court is a Motion for Partial Summary Judgment on Mental Anguish Damages [Doc. No. 38] filed by Defendant, State Farm Fire & Casualty Co. ("Defendant" or "State Farm"). Plaintiff, Judy Skluzacek ("Plaintiff" or "Skluzacek"), did not file an Opposition.

Having considered the Motion and record before the Court, and for the reasons set forth below, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Motion is **GRANTED.**

**I.  FACTS AND PROCEDURAL BACKGROUND**

This case arises from an insurance coverage dispute.[1] Charlotte Morris ("Morris") purchased insurance policy 18-99-5346-6 ("Policy") through State Farm to cover her property located at 2435 Jackson Street in Alexandria, Louisiana ("property" or "Insured Premises").[2] The Policy provided coverage for damages caused by wind, hail, and water.[3]

On August 27, 2020, Hurricane Laura made landfall in Louisiana.[4] On October 9, 2020, Hurricane Delta made landfall in Louisiana.[5] Morris alleged that Hurricanes Laura and Delta "caused substantial amounts of damage to the Insured Premises' exterior, interior, and roof."[6]

---

[1] [Doc. No. 1-2].
[2] [*Id.*, ¶ 5-6]; [Doc. No. 37-9, p. 1, 6].
[3] [Doc. No. 37-9].
[4] [Doc. No. 1-2, ¶ 7].
[5] [*Id.*, ¶ 8].

On August 17, 2022, Morris filed a Petition in state court against State Farm.[7] In this petition, Morris asserted two causes of action.[8] First, Morris alleged that State Farm breached the insurance contract.[9] Second, Morris alleged that State Farm violated La. R.S. §§ 22:1892 and 1973.[10] Morris sought, among other damages, damages for "mental anguish and any other consequential damages caused by Defendant's breaches."[11]

On May 17, 2023, Morris passed away.[12] The Ninth Judicial District Court in Rapides Parish, Louisiana, named Skluzacek as Morris's sole heir and legatee.[13] That Court further found that Skluzacek was the owner of the property.[14] On February 22, 2024, Skluzacek filed a motion to substitute herself as the Plaintiff in this litigation.[15] This Court subsequently granted that motion.[16]

At State Farm's deposition of Skluzacek, Skluzacek testified that she is not making a claim for mental anguish on behalf of Morris.[17] When Skluzacek was asked if she personally suffered mental anguish from State Farm's handling of the claim, she testified, "It's been one big headache. … It's been hard. It's a lot of paperwork. Letting people into the house all the time. And it's been a long, drawn-out lawsuit. But I retired, so I can handle it. If I was still working … I'd probably be going crazy."[18]

---

[6] [*Id.*, ¶ 11]; [Doc. No. 38-1, ¶ 1].
[7] [Doc. No. 1-2]; [Doc. No. 38-1, ¶ 1].
[8] [Doc. No. 1-2, p. 5-7].
[9] [*Id.*, ¶ 32].
[10] [*Id.*, ¶ 35-39].
[11] [Doc. No. 1-2, ¶ 42].
[12] [Doc. No. 18-5]; [Doc. No. 38-1, ¶ 2].
[13] [Doc. No. 18-8]; [Doc. No. 38-1, ¶ 2].
[14] [Doc. No. 18-8].
[15] [Doc. No. 18]; [Doc. No. 38-1, ¶ 3].
[16] [Doc. No. 49].
[17] [Doc. No. 38-1, ¶ 4]; [Doc. No. 38-3, Deposition of Judy Skluzacek, p. 123, lines 1-10].
[18] [Doc. No. 38-3, Deposition of Judy Skluzacek, p. 123, lines 11-19].

On May 17, 2024, State Farm filed this Motion.[19] State Farm moves to summarily dismiss Plaintiff's claims for mental anguish.[20] Plaintiff has not filed a Response.

The issues have been briefed, and the Court is prepared to rule.

## II.  LAW AND ANALYSIS

### A. Standard of Review

Under FED. R. CIV. P. 56(a), "[a] party may move for summary judgment, [and] [t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.,* 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id.*

---

[19] [Doc. No. 38].
[20] [*Id*.].

In deciding unopposed summary judgment motions, the Fifth Circuit has noted that a motion for summary judgment cannot be granted simply because there was no opposition. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 fn.3 (5th Cir. 1995). The movant has the burden to establish the absence of a genuine issue of material fact and, unless it has done so, the court may not grant the motion, irrespective of whether any response was filed. *Powell v. Delaney*, 2001 WL 1910556, at 5-6 (W.D. Tex. June 14, 2001). Nevertheless, if no response to the motion for summary judgment has been filed, the court may find as undisputed the statement of facts in the motion for summary judgment. *Id*. at 1 and n.2; see also *Thompson v. Eason*, 258 F. Supp. 2d 508, 515 (N.D. Tex. 2003) (where no opposition is filed, the nonmovant's unsworn pleadings are not competent summary judgment evidence and movant's evidence may be accepted as undisputed). See also: *UNUM Life Ins. Co. of America v. Long*, 227 F. Supp. 2d 609 (N.D. Tex. 2002) ("Although the court may not enter a 'default' summary judgment, it may accept evidence submitted by [movant] as undisputed."); *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex.) ("A summary judgment nonmovant who does not respond to the motion is relegated to his unsworn pleadings, which do not constitute summary judgment evidence.").

The court has no obligation to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). Further, "[t]he court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). Courts "may not make credibility determinations or weigh the evidence" at the summary judgment stage and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013)

4

(citations omitted). Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state.

### B. Mental Anguish Claims

"It is well settled that it is proper to award damages for mental anguish resulting from an insurer's breach of its duties." *Guillory v. Louisiana Farm Bureau Cas. Ins. Co.*, 371 So. 3d 1202, 1211 (La. App. 3 Cir. 10/4/23), *writ denied*, 376 So. 3d 848 (La. 1/10/24). Mental anguish "is defined as 'a highly unpleasant mental reaction (such as anguish, grief, fright, humiliation, or fury) that results from another person's conduct; emotional pain and suffering.'" *Shubert v. Tonti Dev. Corp.*, 30 So. 3d 977, 987 (La. App. 5 Cir. 12/29/09), *writ denied*, 31 So. 3d 393 (La. 4/9/10) (citing *Black's Law Dictionary* (8th ed.2004)).

Louisiana courts have awarded mental anguish damages where an insured "had to watch his home sustain ongoing damage as a result of [the insurer's] decision to not pay timely insurance payments." *Orellana v. Louisiana Citizens Prop. Ins. Corp.*, 972 So. 2d 1252, 1256 (La. App. 4 Cir. 12/5/07), *writ denied*, 25 So. 3d 777 (La. 10/24/08). Courts have also awarded mental anguish damages where the insurer's breach resulted in the insured having to live in the damaged property. *Dudenhefer v. Louisiana Citizens Prop. Ins. Corp.*, 280 So. 3d 771, 777-78 (La. App. 4 Cir. 9/25/19) (affirming the award of mental anguish damages because the insured "suffered loss of use, financial burdens, and the inconvenience of having to live in a storm damaged dwelling"); *Leland v. Lafayette Ins. Co.*, 77 So. 3d 1078, 1089-90 (La. App. 3 Cir. 11/9/11), *writ denied*, 82 So. 3d 285 (La. 2/17/12) (affirming the award of mental anguish damages where the insureds lived in the damaged property, lost rental income, borrowed an exorbitant sum to repair the property, and experienced marital difficulties); *Farber v. Am. Nat. Prop. & Cas. Co.*, 999 So. 2d 328, 337-38 (La. App. 3 Cir. 12/10/08), *writ denied*, 3 So. 3d 488

(La. 3/6/09) (affirming the award of mental anguish damages where the insureds were forced to live in damaged property and experienced marital difficulties). Finally, Louisiana courts have awarded mental anguish damages where "the inaction of the insurance company and its intentional delay in paying [the insured] caused [her] great anxiety." *Burke v. Lafayette Ins. Co.*, 2012 WL 4759822, *7 (La. App. 4 Cir. 4/18/12), *writ denied*, 98 So. 3d 312 (La. 9/12/12); *Lewis v. State Farm Ins. Co.*, 946 So. 2d 708, 728 (La. App. 2 Cir. 12/27/06) (allowing the insured to receive damages for the "mental anguish and emotional distress associated with pursuing this claim that [the insurer], in bad faith, failed to timely pay."

The Court finds no factual support Plaintiff's mental anguish claims. Skluzacek has replaced Morris as the Plaintiff in this matter. Skluzacek testified that she was not making a claim for mental anguish on behalf of Morris, and the record does not suggest that Morris suffered mental anguish as a result of any alleged failure of State Farm to pay her claim.

Nor does the record support a claim for mental anguish damages for Skluzacek herself. When asked if she has personally suffered mental anguish from State Farm's handling of Morris's insurance claim, Skluzacek testified, "It's been one big headache. … It's been hard. It's a lot of paperwork. Letting people into the house all the time. And it's been a long, drawn-out lawsuit. But I retired, so I can handle it. If I was still working … I'd probably be going crazy."[21] Arguably, the record suggests that Skluzacek has been required to pay for temporary repairs to the home.[22] Skluzacek also described the claims handling process and subsequent litigation as a "headache" and "drawn-out."[23] However, Skluzacek testified that she can "handle" this process because she is retired. The Court finds this testimony incompatible with a claim for mental anguish. Skluzacek cannot simultaneously claim that she can "handle" the insurance claims

---

[21] [Doc. No. 38-3, Deposition of Judy Skluzacek, p. 123, lines 11-19].
[22] [Doc. No. 46-1, ¶ 16].
[23] [Doc. No. 38-3, Deposition of Judy Skluzacek, p. 123, lines 11-19].

process and then claim the process caused her mental anguish. Nothing in the record demonstrates the type of highly unpleasant mental reaction typical for claims of mental anguish. Mere annoyance with this process is simply not enough,

Accordingly, to the extent Plaintiff's Petition can be interpreted as requesting mental anguish damages, **IT IS ORDERED** that such claims are **DISMISSED WITH PREJUDICE**.

### III. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED, ADJUDGED, AND DECREED** that Defendant's Motion for Partial Summary Judgment on Mental Anguish Damages [Doc. No. 38] is **GRANTED**, and Plaintiff's claims for mental anguish are hereby **DISMISSED WITH PREJUDICE**.

MONROE, LOUISIANA, this 24th day of June 2024.

_____
Terry A. Doughty
United States District Judge