UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **CHARLOTTE MORRIS** | **CASE NO.  1:22-CV-06046** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **STATE FARM FIRE & CASUALTY CO** | **MAGISTRATE JUDGE PEREZ-MONTES** |

<u>**MEMORANDUM RULING**</u>

Pending before the Court is a Motion for Partial Summary Judgment on Hurricane Delta Claim [Doc. No. 40] filed by Defendant, State Farm Fire & Casualty Company ("State Farm" or "Defendant"). Plaintiff, Judy Skluzacek ("Plaintiff" or "Skluzacek"), did not file an Opposition.

Having considered the Motion and record before the Court, and for the reasons set forth below, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Motion is **GRANTED.**

## I.      FACTS AND PROCEDURAL BACKGROUND

This case arises from an insurance coverage dispute.[1] Charlotte Morris ("Morris") purchased insurance policy 18-99-5346-6 ("Policy") through State Farm to cover her property located at 2435 Jackson Street in Alexandria, Louisiana ("property" or "Insured Premises").[2] The Policy provided coverage for damages caused by wind, hail, and water.[3]

On August 27, 2020, Hurricane Laura made landfall in Louisiana.[4] On October 9, 2020, Hurricane Delta made landfall in Louisiana.[5] Morris alleged that Hurricanes Laura and Delta "caused substantial amounts of damage to the Insured Premises' exterior, interior, and roof."[6]

---

[1] [Doc. No. 1-2].
[2] [*Id*., ¶ 5-6]; [Doc. No. 37-9, p. 1, 6].
[3] [Doc. No. 37-9].
[4] [Doc. No. 1-2, ¶ 7].
[5] [*Id*., ¶ 8].

On August 17, 2022, Morris filed a Petition in state court against State Farm.[7] In this petition, Morris asserted two causes of action.[8] First, Morris alleged that State Farm breached the insurance contract by failing to timely tender the undisputed insurance proceeds, misrepresenting the Policy's terms and conditions, conducting both the investigation and claims handling of Morris's claims in bad faith, manipulating their "pricing software to artificially suppress the costs of repairs below market value", and failing to adequately compensate Morris for her damages.[9] Second, Morris alleged that State Farm violated La. R.S. §§ 22:1892 and 1973 by failing to adjust her claim fairly and promptly and failing to make a reasonable effort to settle her claims.[10]

On May 17, 2023, Morris passed away.[11] The Ninth Judicial District Court in Rapides Parish, Louisiana, named Skluzacek as Morris's sole heir and legatee.[12] That Court further found that Skluzacek was the owner of the Insured Premises.[13] On February 22, 2024, Skluzacek filed a motion to substitute herself as the Plaintiff in this litigation.[14] This Court subsequently granted that motion.[15]

At State Farm's deposition of Skluzacek, Skluzacek denied that Hurricane Delta caused any damage to the Insured Premises.[16] More specifically, when asked if she had personal knowledge as to whether Hurricane Delta damaged Morris's property, Skluzacek testified, "Oh,

---

[6] [*Id.*, ¶ 11].
[7] [Doc. No. 1-2]; [Doc. No. 40-1, ¶ 1].
[8] [Doc. No. 1-2, p. 5-7].
[9] [*Id.*, ¶ 32].
[10] [*Id.*, ¶ 35-39].
[11] [Doc. No. 18-5]; [Doc. No. 40-1, ¶ 2].
[12] [Doc. No. 18-8]; [Doc. No. 40-1, ¶ 2].
[13] [Doc. No. 18-8].
[14] [Doc. No. 18]; [Doc. No. 40-1, ¶ 3].
[15] [Doc. No. 49].
[16] [Doc. No. 40-1, ¶ 4].

no. No. There wasn't much to that storm anyway. No. Never was mentioned. Never. … Laura was the storm that killed – that hurt all of us."[17]

On May 17, 2024, State Farm filed this Motion to summarily dismiss Skluzacek's Hurricane Delta claims.[18] Specifically, State Farm asserts that Plaintiff has not and cannot proffer evidence that will create an issue of fact as to any Hurricane Delta claim.[19] Plaintiff has not filed a Response.

The issues have been briefed, and the Court is prepared to rule.

## II.     LAW AND ANALYSIS

### A.  Standard of Review

Under FED. R. CIV. P. 56(a), "[a] party may move for summary judgment, [and] [t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact

---

[17] [Doc. No. 40-1, ¶ 5]; [Doc. No. 40-3, Deposition of Judy Skluzacek, p. 122, lines 21-25, p. 123, lines 1-3].
[18] [Doc. No. 40].
[19] [Doc. No. 40-1, p. 2].

by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.,* 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id.*

In deciding unopposed summary judgment motions, the Fifth Circuit has noted that a motion for summary judgment cannot be granted simply because there was no opposition. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 fn.3 (5th Cir. 1995). The movant has the burden to establish the absence of a genuine issue of material fact and, unless it has done so, the court may not grant the motion, irrespective of whether any response was filed. *Powell v. Delaney*, 2001 WL 1910556, at 5-6 (W.D. Tex. June 14, 2001). Nevertheless, if no response to the motion for summary judgment has been filed, the court may find as undisputed the statement of facts in the motion for summary judgment. *Id*. at 1 and n.2; see also *Thompson v. Eason*, 258 F. Supp. 2d 508, 515 (N.D. Tex. 2003) (where no opposition is filed, the nonmovant's unsworn pleadings are not competent summary judgment evidence and movant's evidence may be accepted as undisputed). See also: *UNUM Life Ins. Co. of America v. Long*, 227 F. Supp. 2d 609 (N.D. Tex. 2002) ("Although the court may not enter a 'default' summary judgment, it may accept evidence submitted by [movant] as undisputed."); *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex.) ("A summary judgment nonmovant who does not respond to the motion is relegated to his unsworn pleadings, which do not constitute summary judgment evidence.").

The court has no obligation to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). Further, "[t]he court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). Courts "may not make

credibility determinations or weigh the evidence" at the summary judgment stage and "must

resolve all ambiguities and draw all permissible inferences in favor of the non-moving party."

*Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013)

(citations omitted). Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court

sitting in diversity jurisdiction applies the substantive law of the forum state.

### B.  La. R.S. § 22:1973

La. R.S. § 22:1973 provides that "[a]n insurer … owes to his insured a duty of good faith

and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to

make a reasonable effort to settle claims with the insured or the claimant, or both." Relevant

here, an insurer may breach this statute by knowingly:

> (5) Failing to pay the amount of any claim due any person insured
> by the contract within sixty days after receipt of satisfactory proof
> of loss from the claimant when such failure is arbitrary, capricious,
> or without probable cause.[20]

Here, Plaintiff alleges that State Farm breached these duties because it refused to pay

Plaintiff after receiving a satisfactory proof of loss and that such failure was arbitrary, capricious,

or without probable cause.[21] However, Skluzacek testified Hurricane Delta did not damage the

property.[22] State Farm asserts that, based on this testimony, there is no issue of fact regarding

whether State Farm owes payment in relation to any Hurricane Delta claim.[23]

The Court agrees any Hurricane Delta claims based on La. R.S. § 22:1973 must be

dismissed. Skluzacek conceded Hurricane Delta did not damage the property. Thus, State Farm

cannot be said to have acted arbitrarily, capriciously, or without probable cause when it failed to

pay Morris for any damages allegedly caused by Hurricane Delta. No genuine factual dispute

---

[20] La. R.S. § 22:1973(B)(5).
[21] [Doc. No. 1-2, ¶ 27].
[22] Doc. No. 40-3, Deposition of Judy Skluzacek, p. 122, lines 21-25, p. 123, lines 1-3.
[23] [Doc. No. 40-1, p. 2].

exists as to whether State Farm violated this statute for any Hurricane Delta claims, so summary dismissal is warranted.

Accordingly, **IT IS ORDERED, ADJUDGED, AND DECREED** that Plaintiff's La. R.S. § 22:1973 claims for Hurricane Delta are **DISMISSED WITH PREJUDICE.**

### C.  La. R.S. § 22:1892

La. R.S. § 22:1892 provides that "insurers shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest" or "shall make a written offer to settle any property damage claim … within thirty days after receipt of satisfactory proofs of loss of that claim."

Here, Plaintiff alleges that State Farm violated this statute by failing to pay or make a written offer to settle Morris's claim after receiving a satisfactory proof of loss. Again, however, Plaintiff stated Hurricane Delta did not cause any damage. State Farm asserts that this testimony indicates the lack of a genuine dispute as to the payment of any Hurricane Delta claim.[24]

The Court agrees any Hurricane Delta claims based on La. R.S. § 22:1892 must be dismissed. Skluzacek conceded Hurricane Delta did not damage the property. State Farm cannot be said to have acted in bad faith by failing to pay or settle a claim for damages when such damages did not exist. No genuine factual dispute exists as to whether State Farm violated this statute for any Hurricane Delta claims, so summary dismissal is warranted.

Accordingly, **IT IS ORDERED, ADJUDGED, AND DECREED** that Plaintiff's La. R.S. § 22:1892 claims for Hurricane Delta are **DISMISSED WITH PREJUDICE.**

### D.  Breach of Contract

Plaintiff alleged that State Farm breached the insurance contract by failing to timely tender the undisputed insurance proceeds, misrepresenting the Policy's terms and conditions,

---

[24] [Doc. No. 40-1, p. 2].

conducting both the investigation and claims handling of Morris's claims in bad faith, manipulating their "pricing software to artificially suppress the costs of repairs below market value", and failing to adequately compensate Morris for her damages.[25] Again, however, State Farm moves to dismiss any breach of contract claims for Hurricane Delta because Plaintiff conceded Hurricane Delta did not damage the property.

The Court agrees any Hurricane Delta claims based on a breach of contract must be dismissed. Hurricane Delta did not damage Morris's property. Even if Plaintiff could produce evidence as a to breach of contract generally, such evidence would be inapplicable to any claim for damages caused by Hurricane Delta. State Farm cannot be said to have breached its contractual obligations by failing to pay Hurricane Delta claims when Hurricane Delta did not cause any damage. No genuine factual dispute exists as to whether State Farm breached the contract for any Hurricane Delta claims, so summary dismissal is warranted.

Accordingly, **IT IS ORDERED, ADJUDGED, AND DECREED** that Plaintiff's breach of contract claims for Hurricane Delta are **DISMISSED WITH PREJUDICE.**

In sum, this Court has dismissed each cause of action as it pertains to Hurricane Delta. Accordingly, **IT IS ORDERED, ADJUDGED, AND DECREED** that, to the extent Plaintiff's Complaint raises any Hurricane Delta claims, such claims are **DISMISSED WITH PREJUDICE.**

III.    CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED, ADJUDGED, AND DECREED** that Defendant's Motion for Partial Summary Judgment on Hurricane Delta Claim [Doc. No. 40] is **GRANTED**, and Plaintiff's Hurricane Delta claims are hereby **DISMISSED WITH PREJUDICE**.

---

[25] [Doc. No. 1-2, ¶ 32].

MONROE, LOUISIANA, this 24th day of June 2024.

Terry A. Doughty
United States District Judge