UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

**CHARLOTTE MORRIS**          **CASE NO. 1:22-CV-06046**

**VERSUS**                    **JUDGE TERRY A. DOUGHTY**

**STATE FARM FIRE & CASUALTY CO**   **MAGISTRATE JUDGE PEREZ-MONTES**

**MEMORANDUM RULING**

Pending before the Court is a Motion for Partial Summary Judgment on Coverage B and Coverage C Claims [Doc. No. 41] filed by Defendant, State Farm Fire & Casualty Co. ("Defendant" or "State Farm"). Plaintiff, Judy Skluzacek ("Plaintiff" or "Skluzacek"), did not file an Opposition.

Having considered the Motion and record before the Court, and for the reasons set forth below, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Motion is **GRANTED.**

I.    FACTS AND PROCEDURAL BACKGROUND

This case arises from an insurance coverage dispute.[1] Charlotte Morris ("Morris") purchased insurance policy 18-99-5346-6 ("Policy") through State Farm to cover her property located at 2435 Jackson Street in Alexandria, Louisiana ("property" or "Insured Premises").[2]

Relevant here, the Policy provided insurance under "Coverage B – Personal Property" ("Coverage B") and "Coverage C – Loss of Use" ("Coverage C").[3] Coverage B insured the "personal property owned or used by an insured while it is anywhere in the world."[4] Coverage C

---

[1] [Doc. No. 1-2].
[2] [*Id.*, ¶ 5-6]; [Doc. No. 41-4, p. 1, 6].
[3] [*Id.*, p. 10].
[4] [*Id.*, p. 23 (emphasis removed)].

covered additional living expenses when the Insured Premises became uninhabitable and additional living expenses related to an evacuation.[5]

On August 27, 2020, Hurricane Laura made landfall in Louisiana.[6] On October 9, 2020, Hurricane Delta made landfall in Louisiana.[7] Morris alleged that Hurricanes Laura and Delta "caused substantial amounts of damage to the Insured Premises' exterior, interior, and roof."[8]

On August 17, 2022, Morris filed a Petition in state court against State Farm.[9] In this petition, Morris sought, among other damages, damages for "lost and/or damaged personal property", additional living expenses, and "loss of use."[10] On May 17, 2023, Morris passed away.[11] The Ninth Judicial District Court in Rapides Parish, Louisiana, named Skluzacek as Morris's sole heir and legatee.[12] That Court further found that Skluzacek was the owner of the property.[13] On February 22, 2024, Skluzacek filed a motion to substitute herself as the Plaintiff in this litigation.[14] This Court subsequently granted that motion.[15]

At State Farm's deposition of Skluzacek, Skluzacek testified that she is not making a "contents claim."[16] She stated she did not "have any knowledge of contents being damaged" after the hurricanes.[17] Plaintiff did not submit an inventory of any allegedly damaged contents to State Farm.[18] Nor did Plaintiff submit documentation showing that Morris incurred additional

---

[5] [*Id.*, p. 26 (emphasis removed)].
[6] [Doc. No. 1-2, ¶ 7].
[7] [*Id.*, ¶ 8].
[8] [*Id.*, ¶ 11]; [Doc. No. 41-1, ¶ 1].
[9] [Doc. No. 1-2]; [Doc. No. 41-1, ¶ 1].
[10] [Doc. No. 1-2, ¶ 42]; [Doc. No. 41-1, ¶ 4].
[11] [Doc. No. 18-5]; [Doc. No. 41-1, ¶ 2].
[12] [Doc. No. 18-8]; [Doc. No. 41-1, ¶ 2].
[13] [Doc. No. 18-8].
[14] [Doc. No. 18]; [Doc. No. 41-1, ¶ 3].
[15] [Doc. No. 49].
[16] [Doc. No. 41-3, Deposition of Judy Skluzacek, p. 117, lines 17-19]; [Doc. No. 41-1, ¶ 7].
[17] [Doc. No. 41-3, Deposition of Judy Skluzacek, p. 119, lines 20-23]; [Doc. No. 41-1, ¶ 8].
[18] [Doc. No. 41-1, ¶ 5].

expenses as a result of Hurricanes Laura and Delta.[19] Skluzacek further testified that Morris did not evacuate the property during or after Hurricane Laura and that Morris remained at the property until she went into assisted living.[20] Skluzacek testified that she was not making a claim for evacuation expenses.[21]

On May 17, 2024, State Farm filed this Motion.[22] State Farm moves to summarily dismiss Plaintiff's claims under Coverage B and Coverage C because Plaintiff has no basis for such claims and did not provide the documentation in a timely manner as required by the Policy.[23] Plaintiff has not filed a Response.

The issues have been briefed, and the Court is prepared to rule.

## II.   LAW AND ANALYSIS

### A.  Standard of Review

Under FED. R. CIV. P. 56(a), "[a] party may move for summary judgment, [and] [t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the

---

[19] [*Id.*, ¶ 6].
[20] [Doc. No. 41-3, Deposition of Judy Skluzacek, p. 119, lines 24-25, p. 120, lines 1-25, p. 122, lines 14-19]; [Doc. No. 41-1, ¶ 9].
[21] [Doc. No. 41-3, Deposition of Judy Skluzacek, p. 122, lines 14-19].
[22] [Doc. No. 41].
[23] [*Id.*].

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.,* 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id.*

In deciding unopposed summary judgment motions, the Fifth Circuit has noted that a motion for summary judgment cannot be granted simply because there was no opposition. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 fn.3 (5th Cir. 1995). The movant has the burden to establish the absence of a genuine issue of material fact and, unless it has done so, the court may not grant the motion, irrespective of whether any response was filed. *Powell v. Delaney*, 2001 WL 1910556, at 5-6 (W.D. Tex. June 14, 2001). Nevertheless, if no response to the motion for summary judgment has been filed, the court may find as undisputed the statement of facts in the motion for summary judgment. *Id*. at 1 and n.2; see also *Thompson v. Eason*, 258 F. Supp. 2d 508, 515 (N.D. Tex. 2003) (where no opposition is filed, the nonmovant's unsworn pleadings are not competent summary judgment evidence and movant's evidence may be accepted as undisputed). See also: *UNUM Life Ins. Co. of America v. Long*, 227 F. Supp. 2d 609 (N.D. Tex. 2002) ("Although the court may not enter a 'default' summary judgment, it may accept evidence submitted by [movant] as undisputed."); *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex.) ("A summary judgment nonmovant who does not respond to the motion is relegated to his unsworn pleadings, which do not constitute summary judgment evidence.").

The court has no obligation to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). Further, "[t]he court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). Courts "may not make credibility determinations or weigh the evidence" at the summary judgment stage and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted). Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state.

### B. Coverage B

Coverage B in the Policy insures personal property of the insured.[24] Plaintiff's Petition sought damages for "lost and/or damaged personal property", and such damages would fall under Coverage B.[25] However, Skluzacek testified that she does not have any knowledge of damaged personal contents.[26] She further stated that she is not making a contents claim against State Farm.[27] State Farm asserts that this testimony and the lack of evidence indicate that no genuine factual dispute exists regarding any Coverage B claims.

This Court agrees. Skluzacek has testified that she is not making a contents claim, and she has no knowledge of damaged personal contents. State Farm has not received any inventory of allegedly damaged personal contents.[28] Skluzacek sold Morris's personal contents, making it impossible to determine whether such items were damaged before the sale.[29] No genuine factual

---

[24] [Doc. No. 41-4, p. 23 (emphasis removed)].
[25] [Doc. No. 1-2, ¶ 42]; [Doc. No. 41-1, ¶ 4].
[26] [Doc. No. 41-3, Deposition of Judy Skluzacek, p. 119, lines 20-23]; [Doc. No. 41-1, ¶ 8].
[27] [Doc. No. 41-3, Deposition of Judy Skluzacek, p. 117, lines 17-19]; [Doc. No. 41-1, ¶ 7].
[28] [Doc. No. 41-1, ¶ 5].
[29] [Doc. No 41-3, Deposition of Judy Skluzacek, p. 118, lines 6-20].

dispute exists as to whether State Farm breached its obligations by failing to pay any Coverage B claim, so summary dismissal is warranted.

Accordingly, **IT IS ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Coverage B claims are **DISMISSED WITH PREJUDICE.**

### C. Coverage C

Coverage C in this Policy covers both additional living expenses when the Insured Premises became uninhabitable and additional living expenses related to an evacuation.[30] Plaintiff's Petition sought damages for additional living expenses and "loss of use."[31] These damages would fall under Coverage C. However, Skluzacek testified that Morris did not evacuate the property and remained there during and after the hurricanes.[32] Skluzacek further testified that she is not making a claim for evacuation expenses.[33] Plaintiff has not provided any documentation demonstrating that Morris incurred additional living expenses as a result of the hurricanes.[34] State Farm asserts that this testimony and the lack of evidence indicate that no genuine factual dispute exists regarding any Coverage C claim.

This Court agrees. Coverage C provides an insured with additional living expenses when either their home becomes uninhabitable and/or they must evacuate. However, Skluzacek's undisputed testimony demonstrates that Morris remained at the property both during and after the property.[35] Morris did not leave the property until she went into assisted living.[36] The record thus conclusively demonstrates that Morris did not leave the property because of any damages

---

[30] [Doc. No. 41-4, p. 26 (emphasis removed)].
[31] [Doc. No. 1-2, ¶ 42]; [Doc. No. 41-1, ¶ 4].
[32] [Doc. No. 41-3, Deposition of Judy Skluzacek, p. 119, lines 24-25, p. 120, lines 1-25, p. 122, lines 14-19]; [Doc. No. 41-1, ¶ 9].
[33] [Doc. No. 41-3, Deposition of Judy Skluzacek, p. 122, lines 14-19].
[34] [Doc. No. 41-1, ¶ 6].
[35] [Doc. No. 41-3, Deposition of Judy Skluzacek, p. 119, lines 24-25, p. 120, lines 1-25, p. 122, lines 14-19]; [Doc. No. 41-1, ¶ 9].
[36] [*Id.*]

related to the hurricanes. Claims for additional living expenses or loss of use under Coverage C would be inappropriate in this situation. No genuine factual dispute exists as to whether State Farm breached its obligations by failing to pay any Coverage C claim, so summary dismissal is warranted.

Accordingly, **IT IS ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Coverage C claims are **DISMISSED WITH PREJUDICE.**

### III. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED, ADJUDGED, AND DECREED** that Motion for Partial Summary Judgment on Coverage B and Coverage C Claims [Doc. No. 41] is **GRANTED**, and Plaintiff's Coverage B and Coverage C claims are hereby **DISMISSED WITH PREJUDICE**.

MONROE, LOUISIANA, this 24th day of June 2024.

Terry A. Doughty
United States District Judge